IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

KOREA WITCHER JOHNSON,

    Plaintiff,

v.                                No.: 1:14-cv-01004-JDB-egb

UNITED STATES POSTAL SERVICE,
COBB COUNTY (GA.) DEPARTMENT
OF FAMILY AND CHILDREN SERVICES,
JOSEPH, GREENWALD, AND LAAKE, P.A.
and, JAY P. HOLLAND, *attorney at law,*

    Defendants.

**REPORT AND RECOMMENDATION**

Before the Court is Defendant United States Postal Service's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). [D.E. 19]. Plaintiff has not responded. This Motion has been referred to the Magistrate Judge for a report and recommendation. For the following reasons, the Magistrate Judge recommends that the Court dismiss Plaintiff's claim against this Defendant with prejudice.

<u>Background</u>

Plaintiff filed this action against the Humboldt, Tennessee Post Office complaining of lost or misdelivered certified mail. Specifically, Plaintiff complains that Defendant "unlawfully and wrongfully sent my certified mail and criminal complaints to its

unintended destination." Complaint at 1.  The precise basis of Plaintiff's claim, while difficult to discern entirely, relates to an investigation she requested the FBI to conduct into some type of identity theft.  On February 11, 2014, the Court issued an Order changing the defendant from the Humboldt, Tennessee Post Office to the United States Postal Service ("USPS").

## Analysis

Defendant moves to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and because Plaintiff has failed to exhaust her administrative remedies.

First, Defendant argues that Plaintiff's claim for damages relating to problems she experienced with the transmission of her mail must be dismissed because the Court lacks subject matter jurisdiction to hear claims relating to the transmission of mail.  It is well settled that "the United States, as sovereign, is immune from suit save as it consents to be sued …, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *United States v. Mitchell,* 445 U.S. 535, 538 (1980)(quotation omitted); *See also, Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994).  "[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain suit." *United States v. Testan*, 424 U.S. 392, 399 (1976).  The

waiver of sovereign immunity cannot be implied, it must be unequivocally expressed *Testan*, 424 U.S. at 399, and strictly construed in the United States' favor. *Library of Congress v. Shaw,* 478 U.S. 310, 318 (1986). The Federal Tort Claims Act creates a limited waiver of sovereign immunity by providing that the United States shall be liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674. *See, Pipkin v. USPS,* 951 D.2d 272, 275 (10th Cir. 1991). The FTCA's waiver of sovereign immunity is jurisdictional in nature, so that if the action is barred, the Court lacks subject matter jurisdiction over Plaintiff's claim. *Id.* Because the FTCA constitutes a limited waiver of the sovereign immunity of the United States, the Court must strictly construe it in order to prevent expanding the waiver beyond what Congress intended.

As Defendant notes, included among the FTCA's provisions is an array of express exceptions to the Act, which have the effect of withholding jurisdiction over cases that fall within their scope. 28 U.S.C. § 2680. *See also, Hydrogen Technology Corp. v. United States*, 831 F.2d 1155, 1161 (1st Cir. 1987), cert. denied*,* 486 U.S. 1022 (1988). "Through the § 2680 exceptions, Congress has taken steps to protect the Government from liability that would seriously handicap efficient government

operations." *Molzof v. United States,* 502 U.S. 301, 309 (1992) *quoting United States v. Muniz*, 374 U.S. 150, 163 (1963). Section 2680 of the FTCA expressly provides an exception to jurisdiction for cases involving the transmission of mail. Since Plaintiff's allegations encompass complaints about the United States Postal Service's actions relating to the transmission of her certified mail, the Magistrate Judge agrees with Defendant that these allegations squarely fall within the exception to the United States' waiver of sovereign immunity, and the claim should be dismissed for lack of subject matter jurisdiction. *See, e.g., Kelley v. Postal Service (U.S.)*, No. 93-3250, 1994 U.S. App. LEXIS 6393 (10th Cir.)(pro se litigant's FTCA claim relating to transmission of certified mail properly dismissed for lack of jurisdiction because United States has not waived its sovereign immunity); *Allied Coin Investment v. United States Postal Service,* 673 F. Supp. 982 (D. Minn. 1987) (suit for lost package barred by sovereign immunity).

Defendant also argues that Plaintiff failed to exhaust her administrative remedies, which is a prerequisite to filing suit. However, based on the above recommendation that the Court should find it lacks subject matter jurisdiction based on the postal matter exception to the FTCA's waiver of sovereign immunity, it

would be futile to recommend that Plaintiff file an administrative claim, as Defendant has observed.

Finding that the Court lacks subject matter jurisdiction, the Magistrate Judge recommends that the Court dismiss Plaintiff's claim against this Defendant with prejudice.

Respectfully Submitted this 28th day of October, 2014.

                                       **s/Edward G. Bryant**
                                       UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.