```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                  EASTERN DIVISION
```

KOREA WITCHER JOHNSON,

    Plaintiff,

v.                                     No.: 1:14-cv-01004-JDB-egb

UNITED STATES POSTAL SERVICE,
COBB COUNTY (GA.) DEPARTMENT
OF FAMILY AND CHILDREN SERVICES,
JOSEPH, GREENWALD, AND LAAKE, P.A.
and, JAY P. HOLLAND, *attorney at law,*


    Defendants.

**REPORT AND RECOMMENDATION**

Before the Court Is Defendant Cobb County Department of Family and Children Services' Special Appearance to Set Aside Clerk's Entry of Default and to Dismiss. This matter has been referred for a Report and Recommendation. For the following reasons, the Magistrate Judge recommends that Defendant's Motion be GRANTED.

Background

Defendant's motion is based on Fed. R. Civ. P. 55(c) and 60(b), which provide for setting aside entry of default and default judgments for good cause or for mistake, misrepresentation or other reason justifying relief; and also on Fed. R. Civ. P. 12(b)(1), (2), (5) and (6). Defendant argues

that under the Eleventh Amendment and the doctrine of sovereign immunity this Court lacks subject matter jurisdiction over Cobb County DFCS, a division of the State of Georgia, such that default (and default judgment) cannot be entered against it; and, in any event, Cobb County DFCS has not been properly served, such that the Court lacks personal jurisdiction over it and also such that there is no predicate or basis for the entry of default. Moreover, Defendant argues that the complaint fails to state a claim and should be dismissed.

Defendant notes that the Complaint in this action purports to assert claims under 18 U.S.C. § 1028 (concerning fraud in connection with identification documents, authentication features, and information); 18 U.S.C. § 1708 (concerning theft or receipt of stolen mail matter generally); and, without specifying a code section, Chapters 63 and 73 of Title 18 of the United States Code, which concern, respectively, mail fraud and other fraud offenses and obstruction of justice. Defendant correctly asserts that these are federal criminal statutes and the Complaint does not identify any statute or provision that allows for a private cause of action.

Defendant further asserts that Cobb County DFCS has not been served in this case. Rather, the record reflects only that a summons has been issued by the Court (D.E. 8) and that

2

Plaintiff sent the summons to Cobb County DFACS by certified United States Mail (D.E. 16-2).

## Analysis

### Entry of Default

In relevant part, Rule 55 provides:

> (c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

Fed. R. Civ. P. 55(c). Thus an entry of default may be set aside for good cause; and, under Rule 60(b), a default judgment if entered may be set aside for, *inter alia*, mistake, misrepresentation, and any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). The District Courts have broad discretion to set aside default for good cause. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). The relevant considerations are: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's culpable conduct led to the default. *See id.* (citing *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990)).

Defendant states that before consideration of the Rule 55(c) good cause factors, the Clerk's entry of default must be set aside for two fundamental reasons. First, under the Eleventh Amendment and the doctrine of sovereign immunity, Cobb County

3

DFCS is immune from suit in federal court. *See, e.g., Jacobs v. Memphis Convention & Visitors Bureau*, 710 F. Supp.2d 663, 667 (W.D. Tenn. 2010) (Donald, J.). Second, "[d]ue process requires proper service of process for a court to have jurisdiction over a defendant and enter a default judgment." *Presley v. JP / Politikens HUS*, 2014 U.S. Dist. LEXIS 23741, *5 (W.D. Tenn. Jan. 6, 2014) (Claxton, M.J.) (citing *O.J. Distrib., Inc.*, 340 F.3d at 353). "A court must set aside an entry of default if service of process was not proper." *Id.* The plaintiff bears the burdens of perfecting service of process and also showing that proper service was made. *See id.* (citing *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 2001 U.S. App. LEXIS 19140, **4 (6th Cir. Aug. 21, 2001)).

The Magistrate Judge agrees with Defendant. In Georgia, the county departments of family and children services are created by State law and they operate under and as a part of the State Department of Human Services, Division of Family and Children Services. *See* O.C.G.A. § 49-3-1 (Establishment of county and district departments, boards and directors); *and* O.C.G.A. § 49-1-2 (Compliance of county departments with rules and regulations of the Department of Human Services). Because the Eleventh Amendment and sovereign immunity apply, this Court lacks subject matter jurisdiction over Cobb County DFCS and therefore the Court cannot enter default or default judgment against it. *See*

*Jacobs*, 710 F. Supp.2d at 667. Additionally, the Magistrate Judge finds that there has not been proper service on Cobb County DFCS. Rule 4 requires personal service on a state-created governmental organization, and more specifically delivery of a copy of the summons and complaint to its chief executive officer, or, alternatively, under the State rules, to the clerk thereof. *See* Fed. R. Civ. P. 4(j)(2); *see also* O.C.G.A. § 9-11-4(e)(5). Service by regular mail is not contemplated or allowed by the federal rules. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1155-1156 (6th Cir. 1991). Georgia law also does not allow service by mail. *See Genins v. State Bar of Georgia*, 2006 U.S. Dist. LEXIS 70399, *5-6 (S.D. Ga. Sept. 18, 2006) (stating that "mailing a copy of the complaint is insufficient under Georgia law to perfect service of process") (citing *Camp v. Coweta County*, 280 Ga. 199, 201, 625 S.E.2d 759, 761 n. 4 (2006)).

Service also is ineffective in this case because both federal and state law provide that the summons and complaint cannot be served by a party. *See* Fed. R. Civ. P. 4(c)(1); O.C.G.A. § 9-11-4(c); *see also Genins*, 2006 U.S. Dist. LEXIS 70399, *5-6 (S.D. Ga. Sept. 18, 2006) ("Genins attempted to perfect service by mailing a copy of the complaint and summons to the State Bar's general counsel via United States Postal Service Priority Mail. [ ]. Federal Rule of Civil Procedure

5

4(c)(2), however, specifically excludes a party from effecting service."). The record shows that Plaintiff mailed the summons. (Doc. 16-2). Service is ineffective for this additional reason.

The Magistrate Judge, therefore, recommends a finding that because service has not been made on Cobb County DFCS as required by law, the Clerk's entry of default be set aside. *See Presley*, 2014 U.S. Dist. LEXIS 23741, *5 ("A court must set aside an entry of default if service of process was not proper.").

<u>Motion to Dismiss</u>

Defendant details four distinct reasons that the Complaint fails to state a claim. The Magistrate Judge finds all of these reasons persuasive, and based on the following, recommends that the Motion to Dismiss be granted.

First, Defendant has not been properly served in this case and therefore the Court lacks personal jurisdiction.

Second, Defendant is immune from suit under the Eleventh Amendment and the doctrine of sovereign immunity. The Federal Constitution "specifically recognizes the States as sovereign entities" a basic attribute of which is immunity from private suits. *Alden v. Maine*, 527 U.S. 706, 713 (1999). Cobb County DFCS is created by State law and is part of the State Department of Human Services, Division of Family and Children Services. As such, it is an agency or department of the State of Georgia, and

any claim against it is barred by the Eleventh Amendment and sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-102 (1984).

*Third*, the Complaint purports to assert claims under Title 18 of the United States Code, but "no cited federal criminal statute confers a private right of action which allows [Plaintiff] to bring either federal criminal charges or civil claims for damages against any party." *Lacefield v. New York Times*, 2005 U.S. Dist. LEXIS 42205, *10 (W.D. Tenn. Oct. 4, 2005) (Breen, J.). For a private right of action to exist under a federal criminal statute, there must be a statutory basis for inferring the cause of action. *See, e.g., Hopson v. Commonwealth Attorney's Office*, 2013 U.S. Dist. LEXIS 49991, *9 (W.D. Ky. Mar. 29, 2013) (citing *Cort v. Ash*, 422 U.S. 66, 79 (1975)). There is no claim in this case, because Plaintiff has failed to identify a statute or provision that allows for a private cause of action.

*Fourth*, and to the extent the complaint is capable of being construed as alleging any violation of Plaintiff's civil rights under 42 U.S.C. § 1983, it still fails to state a claim. Section 1983 provides a cause of action for violations of federal constitutional or statutory rights by any "person" acting under color of state law. *See* 42 U.S.C. § 1983. The

Supreme Court has ruled that the term "person" in this context is to be given its ordinary meaning, and that "a State is not a 'person' within the meaning of § 1983." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 65 (1989). And the Court has explained that the term "state" includes both state agencies and individual state officers who are sued in their official capacity. *Id.* at 70-71. Thus Cobb County DFCS is not a "person" subject to suit under section 1983.

For all of these reasons, the Magistrate Judge respectfully recommends that the Court set aside the Clerk's entry of default (Doc. 22) and dismiss all claims that are asserted against this Defendant.

Respectfully Submitted this 5th day of November, 2014.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.