```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                   EASTERN DIVISION
```

KOREA WITCHER JOHNSON,

    Plaintiff,

v.                                No.: 1:14-cv-01004-JDB-egb

UNITED STATES POSTAL SERVICE,
COBB COUNTY (GA.) DEPARTMENT
OF FAMILY AND CHILDREN SERVICES,
JOSEPH, GREENWALD, AND LAAKE, P.A.
and, JAY P. HOLLAND, *attorney at law,*

    Defendants.

## REPORT AND RECOMMENDATION

Before the Court is the special appearance of Maryland law firm, Defendant Joseph, Greenwald & Laake, P.A. ("Defendant Firm"), and Maryland lawyer, Jay P. Holland ("Defendant Holland"), for the limited purpose of moving the Court to dismiss *pro se* Plaintiff Korea Witcher Johnson's Complaint, pursuant to Rule 12 of the Federal Rules of Civil Procedure, for lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted (D.E. 17). This matter has been referred to the Magistrate Judge for report and recommendation. For the reasons set forth below, the Magistrate Judge recommends that this Motion be granted.

### Background

Defendant Firm is a law firm and a professional association whose principal office and office branches are all located in Maryland. *See* Defendants' Motion, Exhibit 1.1. Defendant Firm does not maintain any

office outside Maryland and does not actively solicit out-of-state clients, including individuals from Tennessee. *See* Affidavit of Jay Holland ¶¶ 11-13 ("Holland Aff."), attached to Motion as Exhibit 2. Defendant Holland lives in Maryland and is a shareholder at Defendant Firm's primary location in Greenbelt, Maryland. *See* Holland Aff. ¶¶ 2-3. Defendant Holland is only admitted to the Maryland and D.C. state bars. *See* Holland Aff. ¶ 5. Defendant Holland does not solicit clients from Tennessee and has never visited Tennessee for any occasion. *See* Holland Aff. ¶¶ 4, 10.

Defendant gives the following factual background, which has been undisputed by Plaintiff: On or around November 6, 2013, Plaintiff contacted Defendant Firm through its intake personnel, seeking representation for an alleged civil rights violation that took place in Georgia. *See* Holland Aff. ¶ 16. Because Defendant Firm is local to Maryland and D.C., excepting its False Claims Act practice, Defendant Holland declined to represent the Plaintiff and, as per common protocol, Defendant Holland advised the intake personnel to send out a letter declining representation (a "no rep" letter) to the Plaintiff. *See* Holland Aff. ¶¶ 17-18. Neither defendant Holland nor Defendant Firm solicited business from Plaintiff, and Defendant Holland never had any direct contact with the Plaintiff. *See* Holland Aff. ¶¶ 19-21. Following the receipt of the "no rep" letter, Plaintiff called Defendant Firm several times and stated that she had never contacted Defendant Firm and the Defendants committed identity theft. *See* Holland Aff. ¶ 22. Defendants were later contacted by a police officer from the Leland, Mississippi Police Department, who confirmed that

Plaintiff had shown him the "no rep" letter and that Plaintiff accused Defendants of identity theft. *See* Holland Aff. ¶ 23. Defendants were then contacted by the Greenbelt, Maryland Police Department, who similarly stated that Plaintiff contacted them alleging identity theft against the Defendants. *See* Holland Aff. ¶ 24. On March 18, 2014, copies of the Plaintiff's summons and Complaint were delivered to the office and signed for by the front desk receptionist. *See* Holland Aff. ¶ 25; Copy of Pl.'s Envelope Addressed to Def. Firm ("Firm Summons"), attached as Exhibit 4 of Motion; Copy of Pl.'s Envelope Addressed to Def. Holland ("Holland Summons"), attached as Exhibit 5 of Motion. The front desk receptionist is not authorized to receive and sign for summonses for Defendant Firm nor Defendant Holland. *See* Holland Aff. ¶¶ 26-27.

Plaintiff's Complaint simply alleged that "JOSEPH, GREEWALD, LAAKE, P.A. & Jay P. Holland unlawfully and wrongfully used and stolen my identity for identity theft after my mail was stolen." *See* Compl. ¶ 3, D.E. 1. Defendants now file this Motion respectfully requesting that this Court dismiss the Complaint as to Defendant Firm and Defendant Holland for lack of personal jurisdiction, insufficient service of process, and failure to state a claim.

### Standard of Review

1. Standard of Review for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2).

A federal court sitting in diversity must look to the law of the forum state, here Tennessee, to determine whether the district court's *in personam* jurisdiction reaches the nonresident defendant at issue. *Int'l Tech. Consultants, Inc. v. Euroglas, S.A.*, 107 F.3d 386, 391 (6th Cir. 1997). When challenged, the burden rests on the plaintiff to establish the existence of personal jurisdiction over the defendant. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980). In satisfying this burden, the "plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has [personal] jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). However, when determining whether there have been sufficient contacts with the forum state to establish personal jurisdiction, the court must interpret the pleadings and affidavits in the light most favorable to the plaintiff. *Id*. at 1459.

2. Standard of Review for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5).

A plaintiff must serve a summons and a copy of the complaint upon individuals within the United States as provided by Rule 4(e) and upon corporations as provided by Rule 4(h). The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington–Fayette Urban County Gov't,* No. 00–6097, 18 Fed. Appx. 285, at *287 (6th Cir. Aug.21, 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996)). "When service of process is challenged, the burden rests with the plaintiff to establish that service is properly made." *See McGath v. Hamilton Local Sch. Dist.,* 848 F.Supp.2d 831, 836 (S.D.Ohio 2012).

3. Standard of Review for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). With regard to allegations of fraud, the allegations must be pled with particularity in accordance with Rule 9(b). *Chesbrough v. VPA*, 655 F.3d 461, 466 (6th Cir. 2011). The Court must construe the complaint in the light most favorable to the plaintiff, accept factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ANALYSIS

### Service

Defendants first argue that they were improperly served. With regard to Defendant Firm, Defendants note that Rule 4(h) provides that a corporation, absent a waiver, may be served in the United States in

two ways. First, a corporation may be served by delivering the summons and a copy of the complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of the corporation. Fed. R. Civ. P. 4(h)(1)(B). In the Sixth Circuit, "a managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004). Here, Plaintiff served Defendant Firm by sending a summons and copy of the complaint to Defendant Firm via certified mail, where it was received by Defendant Firm's front desk receptionist, who is not a qualifying agent under Sixth Circuit precedent. *See* Firm Summons; Holland Aff. ¶ 27. Plaintiff, therefore, did not comply with Rule 4(h)(1)(B) in its service of Defendant Firm.[1]

With regard to Defendant Holland, Plaintiff failed to properly serve Defendant Holland according to any of the options provided by Federal Rule of Civil Procedure 4(e). Rule 4(e)(1)-(2) allows individuals to be served either: (1) according to the state law where the district court sits or where service was made; or (2) by delivering a copy of the summons and complaint to the individual personally, leaving a copy at the individuals' home with a qualified individual, or delivering a copy to an authorized agent. Here, because Plaintiff affected service on Defendant Holland in the same manner as

---

[1] Likewise, as Defendants note, under state law Defendant Firm's receptionist is not an authorized agent.

Defendant Firm was served, Defendant Firm's front desk receptionist also received Defendant Holland's summons and Complaint. *See* Holland Summons. Defendant Firm's front desk receptionist is not an authorized agent of Defendant Holland. *See* Holland Aff. ¶ 26. By mailing Defendant Holland's copy of the summons via certified mail to Defendant Firm, Plaintiff's service of process did not comply with Rule 4(e)(2), nor did it comply with Rule 4(e)(1).

For these reasons, the Magistrate Judge recommends that the Complaint be dismissed as to these Defendants for improper and insufficient service.

## Personal Jurisdiction

Second, Defendants maintain that the Court lacks personal jurisdiction. Federal courts may maintain personal jurisdiction over a non-resident party only where it is appropriate under the forum state's long-arm statute and the Due Process Clause of the United States Constitution. *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994). Where the forum state's long-arm statute extends to the limits of the Due Process Clause, like Tennessee, the courts only need to determine whether exercising personal jurisdiction would be consistent with federal due process requirements. *See Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003). Pursuant to the Due Process Clause, "personal jurisdiction over a defendant arises from 'certain minimum contacts with the forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Reynolds*,

7

23 F.3d at 1116 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction can be either specific or general, depending on the defendant's contacts with the forum state. *Id.*

General jurisdiction arises when "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). Specific jurisdiction is found "when the defendant has sufficient minimum contacts that arise from or are related to the cause of action." *Williams v. Firstplus Home Loan Owner Trust 1998-4*, 310 F. Supp. 2d 981, 990 (W.D. Tenn. 2004). The plaintiff must show that: "(1) the defendant purposefully availed himself of the privilege of acting in the forum state or intentionally caused a consequence in the forum state, (2) the cause of action arose from the defendant's activities in the forum state, and (3) the acts of the defendant or consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable." *Id.; see also Shelton v. Zausmer*, 2010 WL 145349, at *3 (W.D. Tenn. Nov. 13, 2009) ("The purposeful-availment requirement is the '*sine qua non*' of specific personal jurisdiction.") (quoting *S. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381-82 (6th Cir.1968)). Additionally, the second prong of the specific personal jurisdiction analysis requires that "the operative facts of the controversy arise from the defendant's contacts with the state." *InteraCorp. v. Henderson*, 428 F.3d 605, 617 (6th Cir. 2005).

The Magistrate Judge agrees with Defendants that Defendant Firm's contacts with the state of Tennessee are insufficient for this Court to exert specific or general personal jurisdiction over Defendant Firm and the Complaint should therefore be dismissed as to Defendant Firm. First, Defendant Firm's contacts with the state of Tennessee, as described in the facts section above, clearly do not rise to the level required to confer general jurisdiction. The only contact Defendant Firm has with the State of Tennessee is its involvement in *United States ex rel. Robert Whipple v. Chattanooga-Hamilton County Hospital Authority*, Case No. 13-6625, which is currently being litigated in the Sixth Circuit Court of Appeals located in Cincinnati, Ohio. *See* Holland Aff. ¶¶ 6, 15. Defendant Firm does not solicit business from Tennessee, focuses its practice in Maryland and District of Columbia, and its website makes clear that it is a regional firm. *See* Holland Aff. ¶ 12, 14; JOSEPH, GREENWALD & LAAKE, P.A., www.jgllaw.com (last visited Apr. 4, 2014). The Magistrate Judge agrees with Defendants that this is insufficient contact to confer general personal jurisdiction over Defendant Firm in federal court in Tennessee. Second, Defendant Firm never purposely availed itself of the privileges and benefits of Tennessee in a manner that would confer specific jurisdiction over Defendant Firm. Defendant Firm did not transact any business in Tennessee related to or giving rise to the injuries alleged in the Complaint. In fact, the only time Defendant Firm has had *any* contact with the state of Tennessee in recent years is the aforementioned *Whipple* case. *See* Holland Aff. ¶ 15. Plaintiff's alleged injuries only could have occurred in Maryland, where Defendant

Firm is located, or Mississippi, to where the "no rep" letter was mailed.  Plaintiff has failed to allege any connection between Defendant Firm, Tennessee, and her injuries. Accordingly, finding that the Court lacks personal jurisdiction as to Defendant Firm, the Magistrate Judge recommends that the Complaint should be dismissed as to Defendant Firm.

Likewise, Defendant Holland's contacts with the state of Tennessee do not meet the threshold sufficient for this Court to confer specific or general personal jurisdiction and the Magistrate Judge therefore recommends that the Complaint be dismissed as to Defendant Holland. Defendant Holland has never been to Tennessee, and does not solicit business in Tennessee. *See* Holland Aff. ¶¶ 4,10. The only contact Defendant Holland has with the State of Tennessee is his involvement in *United States ex rel. Robert Whipple v. Chattanooga-Hamilton County Hospital Authority*, Case No. 13-6625, which is currently being litigated in the Sixth Circuit Court of Appeals located in Cincinnati, Ohio. Holland Aff. ¶ 6. While Defendant Holland was granted *pro hac vice* admission in the United States District Court for the Middle District of Tennessee, Defendant Holland never appeared in court in Tennessee. *See* Holland Aff. ¶ ¶ 7-8. Second, Defendant Holland never purposely availed himself of the privileges and benefits of Tennessee in a manner that would confer specific jurisdiction over him. Defendant Holland lives in Maryland, is only licensed in Maryland and the District of Columbia, and he did not transact any business in Tennessee related to or giving rise to the injuries alleged in the Complaint. *See* Holland Aff. ¶ 2-4. Finally, just as with Defendant

Firm, Plaintiff failed to allege any connection between Defendant Holland, Tennessee, and her injuries. The Magistrate Judge therefore recommends that the Complaint be dismissed as to Defendant Holland for lack of personal jurisdiction.

<u>Failure to State a Claim</u>

The third and final ground on which Defendants seek dismissal of the Complaint is for failure to state a claim upon which relief may be granted. The Magistrate Judge agrees that Plaintiff's bare Complaint, consisting of only one sentence, does not meet her burden under *Twombly*. *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).* The Complaint fails to state any facts supporting her allegations. Further, the Complaint fails to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

For all of these reasons, the Magistrate Judge recommends that Defendants' Motion be granted.

Respectfully Submitted this 1st day of December, 2014.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.