IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

KOREA WITCHER JOHNSON,

    Plaintiff,

v.  No. 14-1004

UNITED STATES POSTAL SERVICE,
*et al.*,

    Defendants.

___

ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND
RECOMMENDATION, ADOPTING REPORT AND RECOMMENDATION AND
GRANTING MOTION OF DEFENDANT COBB COUNTY DEPARTMENT OF
FAMILY AND CHILDREN SERVICES TO SET ASIDE CLERK'S ENTRY OF
DEFAULT AND TO DISMISS

___

Before the Court is the May 20, 2014 motion of Defendant Cobb County, Georgia Department of Family and Children Services ("DFCS") to set aside the Clerk's entry of default entered May 8, 2014 and to dismiss all claims against it. (D.E. 25.) United States Magistrate Judge Edward G. Bryant entered a report and recommendation on November 5, 2014, recommending that the motion be granted. (D.E. 31.) A "motion" which the Court construes as an objection to the report and recommendation was filed by the *pro se* Plaintiff, Korea Witcher Johnson, on November 10, 2014. (D.E. 33.)

When objections are made to a magistrate judge's report and recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The magistrate judge found that, based on the Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity, this Court lacks subject matter jurisdiction over DFCS and, therefore, cannot enter default or default judgment against it. In addition, Judge Bryant concluded that the Clerk's entry of default should be set aside because proper service was not effected upon this Defendant. According to the magistrate judge, these findings also supported a recommendation that the claims against DFCS be dismissed. Two other determinations offered further support for dismissal, including the Plaintiff's failure to sue this Defendant pursuant to a statute or provision that allowed for a private cause of action and the agency's status as a non-person for purposes of liability under 42 U.S.C. § 1983.

Johnson's objections, which are rather difficult to decipher, are non-specific and, at best, vague. Thus, they do not constitute a proper objection. *See Fields v. Lapeer 71-A Dist. Ct. Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001) (the filing of vague, general or conclusory objections to a magistrate judge's report and recommendation is tantamount to a complete failure to object); *Seals v. Seals*, No. 2:14-cv-2058-JPM-cgc, 2014 WL 3592037, at *2 (W.D. Tenn. July 21, 2014) ("Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely."). Upon review of the magistrate judge's report and recommendation, the Court finds no basis for rejection or modification of the recommended disposition. Accordingly, the report and recommendation is ADOPTED in its entirety. The motion of DFCS to set aside entry of default and for dismissal of Plaintiff's claims against it in this matter is GRANTED.

IT IS SO ORDERED this 3rd day of December 2014.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE